IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ronald J. Mitchell, | : | |
| | : | Case No. 1:11-cv-764 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING |
| City of Hamilton, *et al.*, | : | MOTIONS TO DISMISS |
| | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Motion to Dismiss of Defendants Richard K. Jones and Butler County (doc. 5) and the Motion to Dismiss of Defendants City of Hamilton and Neil R. Ferdelman (docs. 7, 11).[1] In this case, Plaintiff Ronald J. Mitchell asserts civil rights violations against Defendants City of Hamilton, Ohio; Officer Bret Britt and Chief Neil R. Ferdelman of the City of Hamilton Police Department; Butler County, Ohio; and Sheriff Richard K. Jones and Sheriff Deputy Timothy Mohr of the Butler County Sheriff's Office.[2] Four of the six named Defendants have moved for dismissal or judgment on the pleadings on the basis that Mitchell has failed to state a claim upon which relief can be granted. For the reasons that follow, the Court will **GRANT** the Motions to Dismiss.

---

[1] The latter Motion is alternatively captioned as a Motion for Judgment on the Pleadings and separately filed at Doc. 11. However, the Court resolves the pending Motions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

[2] Mitchell also lists one John Doe police officer from the City of Hamilton Police Department as a defendant. The John Doe has not been identified or served to date.

1

I.     BACKGROUND

A.     **Factual Allegations**

The well-pleaded factual allegations stated in the Complaint (doc. 1) are taken as true for purposes of the Motion to Dismiss. The allegations are summarized briefly here. Mitchell, age 67, asserts that Officer Britt stopped him for a traffic violation in the City of Hamilton, Ohio on October 29, 2009 at 5:00 p.m. (*Id.* ¶¶ 2, 21.) Officer Britt told Mitchell that he was under arrest, but would not respond when Mitchell asked him, "What did I do?" (*Id.* ¶¶ 2, 22.) Mitchell requested that Officer Britt call a supervisor to the scene before he would exit his vehicle because he allegedly had "been harassed by Officer Britt" on a previous occasion. (*Id.*) Officer Britt refused. (*Id.* ¶¶ 2, 23.) When Mitchell attempted to phone his attorney, Officer Britt took Mitchell's cell phone from his hand and threw it aside. (*Id.*) Officer Britt then threatened to tase Mitchell if he did not exit the vehicle. (*Id.* ¶¶ 2, 24.)

Mitchell exited his vehicle and told Officer Britt that he could not place his hands behind his back because of shoulder injuries. (*Id.* ¶ 3.) Mitchell asserts that Officer Britt then "violently" grabbed his arm, injuring him. (*Id.* ¶¶ 3, 27–28.) After Mitchell cried out in pain, Officer Britt handcuffed Mitchell's hands in front of his body. (*Id.* ¶¶ 3, 29.) Officer Britt pushed a handcuffed Mitchell against the vehicle. (*Id.* ¶¶ 4, 31.) Officer Britt retrieved Mitchell's wallet from his back pocket and ignored Mitchell's complaints that he was in pain. (*Id.* ¶¶, 4, 33–34.) At some point, Deputy Sheriff Mohr arrived at the scene and helped place Mitchell in the back of Officer Britt's police vehicle. (*Id.* ¶¶ 4, 32.) Mitchell complained while in the police cruiser and at the police station that he was in pain and needed medical attention. (*Id.* ¶¶ 5, 36.) He also requested the return of prescription medication which had been taken

from his vehicle during the arrest. (*Id.* ¶¶ 5, 38.) Mitchell was denied medical treatment and his medication during the approximately four hours he was held in custody until around 9:00 p.m. (*Id.* ¶¶ 6, 39–40.) The next morning, Mitchell sought medical treatment at Mercy Hospital Fairfield and was diagnosed with a fractured wrist. (*Id.* ¶¶ 6, 42.)

Mitchell does not allege that he had any direct contact with Chief Ferdelman or Sheriff Jones nor that they participated in or supervised his arrest. Instead, he alleges only that they "failed to establish adequate policies and procedures to properly train and/or supervise Defendants Britt . . . and Mohr on appropriate uses of force as well as other police tactics." (*Id.* at ¶ 45.) Mitchell concludes that "[t]he conduct of the various Defendants reflects the grossly inadequate training of personnel, callous disregard for the safety of the citizens of Hamilton, and a deliberate indifference of Defendants to the constitutional rights of Plaintiff" and "reflects Defendants' failure to properly train and supervise their deputies in proper investigation techniques and rendering medical aid to those injured in their custody." (*Id.* at ¶¶ 7–8.)

**B.     Procedural Posture**

Mitchell filed this suit on October 28, 2011. He asserts claims against Defendants for excessive force and failure to provide medical treatment in violation of the United States Constitution pursuant to 42 U.S.C. § 1983. He asserts the claims against the law enforcement officials in their individual and official capacities. (*Id.* at ¶¶ 14, 17–19.) Defendants City of Hamilton, Chief Ferdelman, Butler County, and Sheriff Richard K. Jones now move to dismiss. The pending motions are ripe for adjudication.

**II.     STANDARDS GOVERNING MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint

for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). However, this tenet is inapplicable to legal conclusions, or legal conclusions couched as factual allegations, which are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949–50 (2009).

To withstand a dismissal motion, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Harvard v. Wayne Cty.*, 436 F. App'x 451, 457 (6th Cir. 2011) (internal quotation or citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.[3] The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

## III. ANALYSIS

Defendants Chief Ferdelman, Sheriff Jones, the City of Hamilton, and Butler County

---

[3] In accordance with this standard, the Supreme Court also specifically repudiated the pleading standard articulated in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that a complaint fails to state a claim only when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63. The *Twombly* Court said the "no set of facts" language from *Conley* had "earned its retirement" and was "best forgotten." *Id.* at 563.

4

move for dismissal on the grounds that the allegations in the Complaint do not state a claim for a violation of Mitchell's civil rights pursuant to 42 U.S.C. § 1983 as a matter of law. Section 1983 creates a cause of action to remedy constitutional violations as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

### A. Claims against Chief Ferdelman and Sheriff Jones

Mitchell asserts his claims against Chief Ferdelman and Sheriff Jones in their individual and official capacities. (Doc. 1 at ¶¶ 17–18.) "A suit against an individual 'in his official capacity' has been held to be essentially a suit directly against the local government unit." *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166, 167 n.14 (1985). The official capacity claims against Chief Ferdelman and Sheriff Jones, therefore, are duplicative of the claims against the City of Hamilton and Butler County, respectively. The claims against the City of Hamilton and Butler County are addressed separately in the next subsection.

As to the individual capacity claims, Mitchell alleges that Sheriff Jones "was responsible for the training and supervision or employees and agents of the Butler County Sheriff's Department." (Doc. 1 at ¶ 17.) Likewise, he alleges that Chief Ferdelman "was responsible for the training and supervision of the employees and agents of the City of Hamilton Police Department." (*Id.* at ¶ 18.) He further alleges that Defendants failed "to properly train and supervise their deputies in proper investigative techniques and rendering medical aid to those

5

injured in their custody." (*Id.* at ¶ 8.) However, respondeat superior is not a proper basis for supervisory liability in a § 1983 claim. *See Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *McQueen v. Beecher Cmty. Schools*, 433 F.3d 460, 470 (6th Cir. 2006).

Supervisory liability under § 1983 must be premised upon active behavior, not a failure to act. *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cty.*, 668 F.2d 869, 874 (6th Cir. 1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays*, 668 F.2d at 874).

Mitchell does not allege that Chief Ferdelman or Sheriff Jones participated in, authorized, or condoned his arrest on October 29, 2009. At most, Mitchell seeks to hold Chief Ferdelman and Sheriff Jones liable for establishing a policy and custom of training and supervision that was so inadequate as to inevitably result in the violation of his rights. (Doc. 1 ¶¶ 7–8, 45.) As recognized by the Sixth Circuit, general allegations that officers were not properly trained "are more appropriately submitted as evidence to support a failure-to-train theory against the [government entity] itself, and not the supervisors in their individual capacities." *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 543–44 (6th Cir. 2008). Mitchell's sparse allegations against Chief Ferdelman and Sheriff Jones here, similar to those in *Phillips*, "improperly conflate[ ] a § 1983 claim of individual supervisory liability with one of municipal [or county] liability." *Id.* at 543.

6

Additionally, even if failure-to-train allegations could be sufficient to establish supervisory liability, the allegations fail to meet the Rule 12(b)(6) pleading threshold. The allegations that Officer Britt and Sheriff Deputy Mohr were inadequately trained and supervised are conclusory, as explained in greater detail in the following section. Accordingly, the allegations fail "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court will dismiss the claims against Chief Ferdelman and Sheriff Jones pursuant to Rule 12(b)(6).

**B.     Claims against the City of Hamilton and Butler County**

A municipality or county is "liable under § 1983 only where the [government entity] *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in the original). Again, respondeat superior is not available as a theory of recovery under § 1983. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Therefore, a plaintiff seeking to subject a municipality or county to § 1983 liability for the actions of its officers must "identify a [governmental] 'policy' or 'custom' that caused the plaintiff's injury." *Board of Cty. Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). The custom or policy need not be formal to support the imposition of § 1983 liability. *See Berry v. City of Detroit*, 25 F.3d 1342, 1345–46 (6th Cir. 1994). The Sixth Circuit has recognized at least four avenues by which a plaintiff can prove a county's policy or custom:

> (1) the municipality's [or county's] legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Mitchell's allegations in this suit only can be interpreted to be asserting § 1983 liability

7

against the City of Hamilton and Butler County based on a policy of inadequate training or supervision. (Doc. 1 at ¶¶ 7–8, 45.) A claim for failure to supervise or train is dependent upon proof that "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). Deliberate indifference can be proven with evidence of inadequate training "in light of foreseeable consequences that could result from a lack of instruction" or evidence that the government "fail[ed] to act in response to repeated complaints of constitutional violations by its officers." *Id.* at 700–01. Mitchell reiterates in several paragraphs the same conclusory allegation that Defendants failed "to properly train and supervise their deputies in proper investigative techniques and rendering medical aid to those injured in their custody." (Doc. 1 at ¶ 8; *see also id.* at ¶¶ 7, 45.)

However, "Plaintiff's use of phrases such as 'failure to train,' [and] 'failure to supervise'... is meaningless without any factual allegations." *Johnson v. Gannon*, No. 3:09-0551, 2010 WL 1658616, at *4 (M.D. Tenn. Apr. 23, 2010) (citation omitted). To plead a § 1983 claim based on a failure to train sufficient to withstand a Rule 12(b)(6) motion after *Iqbal* and *Twombly*, the plaintiff must plead more facts than those that constitute the alleged underlying constitutional violation. *See Hill v. City of Cincinnati*, No. 1:09-cv-800, 2010 WL 3257725, at *5 (S.D. Ohio Jul. 16, 2010) (dismissing claim against the city where the plaintiff pleaded "only facts [that] . . . relate to her individual circumstances"), *report and recommendation adopted by*, 2010 WL 3257727 (S.D. Ohio Aug. 17, 2010); *Scrap Yard, LLC v. City of Cleveland*, No. 1:10 CV 2465, 2011 WL 3900571, at *4 (N.D. Ohio Sep. 6, 2011)

8

(dismissing claims that were "founded on 'a single set of allegedly wrongful acts'" rather than on "violations [that] occurred pursuant to the City of Cleveland's policy or custom."). The plaintiff should plead facts regarding the nature of the training and supervision provided to the officers. The plaintiff also should plead facts demonstrating deliberate indifference, such as facts that policymakers "were on notice as to constitutional violations by officers" or "that a pattern of similar constitutional violations [has] occurred." *Mason v. City of Warren Police Dep't*, No. 10-cv-14182, 2011 WL 5025841, at *12 (E.D. Mich. Oct. 21, 2011). Here, Mitchell has pleaded facts concerning only a single set of wrongful acts towards him, not a policy or custom of inadequate training or supervision. Accordingly, the Court will dismiss the constitutional violation claims against the City of Hamilton and Butler County pursuant to Rule 12(b)(6).

C.     **Request to File Amended Complaint**

In his Memoranda in Opposition to the pending Motions to Dismiss, Mitchell requests leave to amend his Complaint if the Court finds the Complaint to be deficient. (Doc. 14 at 6; Doc. 16 at 7.) However, Mitchell neither attaches a proposed amended complaint nor provides any indication of the substance of new factual allegations which he would add. Mitchell has not suggested in the Complaint or in the Memoranda that he has knowledge of similar incidents of alleged excessive force or failure to provide medical treatment by City of Hamilton or Butler County officers. Similarly, Mitchell has not suggested that he has additional knowledge about the nature of the training and supervision provided by the City of Hamilton or the Butler County Defendants to their officers. As such, the Court has no basis to believe that "a more carefully drafted complaint might state a claim" and that an amended complaint would be appropriate.

*U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (citation omitted) (stating standard for allowing a plaintiff to amend a complaint in lieu of granting a motion to dismiss).

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss of Defendants Richard K. Jones and Butler County (doc. 5) and the Motion to Dismiss of Defendants City of Hamilton and Neil R. Ferdelman (docs. 7, 11) are hereby **GRANTED**.

**IT IS SO ORDERED.**

    s/Susan J. Dlott    
Chief Judge Susan J. Dlott
United States District Court